Filed 6/27/23  U.S. Bank v. Elstead CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| U.S. BANK et al., <br><br> Plaintiffs and Respondents, <br> v. <br><br> JOHN CLIFTON ELSTEAD, <br><br> Defendant and Appellant. | A166583 <br><br> (Alameda County <br> Super. Ct. No. RG07346492) |

John C. Elstead, the defendant in a judicial foreclosure action, appeals an October 7, 2022 order directing the clerk's office of the Alameda County Superior Court to issue a writ of sale to effectuate a judgment entered on May 2, 2022, ordering the sale of his home.

We affirm the order.

## BACKGROUND

On May 2, 2022, the trial court entered a judgment of judicial foreclosure in favor of respondent U.S. Bank (the Bank), ordering the sale of Elstead's home in Oakland, California.  The judgment was entered after summary judgment was granted in favor of the Bank on its foreclosure complaint, and against Elstead on a cross-complaint he filed against the Bank and related entities.  As described by Elstead, his cross-claims concerned an alleged conspiracy to withhold the release of insurance proceeds

to fund repairs to his home necessitated by damage from falling trees and rain.

Elstead then appealed the judgment, and that appeal is presently pending in this court (No. A165202).

Following the entry of judgment, the Bank asked staff members of the Alameda County Clerk's Office to issue a writ of sale but was advised that, because Elstead had filed a notice of appeal, court approval was needed.

After initially trying to secure court approval for the writ of sale on an ex parte basis, the Bank ultimately filed a noticed motion asking the trial court to (1) clarify that no automatic stay was in effect, and (2) direct the clerk to issue the writ of sale. Elstead opposed the motion on various grounds and, after a hearing, the trial court granted the motion. It confirmed that Elstead's appeal did not automatically stay the judgment and directed the Alameda County Clerk's Office to issue writ(s) of sale without further delay. That ruling is the subject of this appeal.

## DISCUSSION

On appeal, the judgment is presumed correct and it is an appellant's burden to affirmatively demonstrate the existence of an error that is prejudicial. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Adams v. MHC Colony Park, L.P.* (2014) 224 Cal.App.4th 601, 615.) An appellant's burden to demonstrate prejudicial error "remains the same whether or not the respondent files a brief or provides argument or authority on an issue." (*Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 655.) Elstead has not met his burden to show the trial court erred.

Elstead argues, first, that the writ of sale was not authorized under Code of Civil Procedure section 712.010,[1] the statute cited by the trial court.

---

[1] All further statutory references are to the Code of Civil Procedure.

2

Based on the statutory text, he argues that statute is limited to unlawful detainer actions (which this is not). But "we review the trial court's ruling, not its reasoning," and therefore " ' "[t]o justify a reversal, it is incumbent upon the appellant to show an erroneous ruling, and not merely bad reasoning or mistaken views of the law." ' " (*Doe v. McLaughlin, supra,* 83 Cal.App.5th at p. 654.) Elstead makes no attempt to show the court erred in directing the issuance of a writ of sale *at all* (i.e., that it was not authorized to do so).

Furthermore, Elstead is wrong. The language of the statute plainly indicates it applies "[a]fter entry of a judgment for possession *or sale* of property." (§ 712.010.)[2] Elstead's reliance on language in the statute concerning "the daily rental value of the property as of the date the complaint for unlawful detainer was filed" indicates that one of two applications of the statute is to unlawful detainer judgments, i.e., "a judgment for possession." Further, as the Bank points out, another statute, section 716.010, which governs the enforcement of judgments directing the sale of property, expressly incorporates section 712.010. It states: "A judgment for sale of real . . . property may be enforced by a writ of sale *issued pursuant to Section 712.010.*" (§ 716.010, subd. (a), italics added.) Elstead's briefing

---

[2] The statute provides, "After entry of a judgment for possession or sale of property, a writ of possession or sale shall be issued by the clerk of the court upon application of the judgment creditor and shall be directed to the levying officer in the county where the judgment is to be enforced. The application shall include a declaration under penalty of perjury stating the daily rental value of the property as of the date the complaint for unlawful detainer was filed. A separate writ shall be issued for each county where the judgment is to be enforced. Writs may be issued successively until the judgment is satisfied, except that a new writ may not be issued for a county until the expiration of 180 days after the issuance of a prior writ for that county unless the prior writ is first returned." (§ 712.010.)

3

ignores the reference to "judgment for . . . sale" in section 712.010 and ignores section 716.010 altogether.  In short, the court directed the clerk to issue the very enforcement device the law requires to effectuate a judgment for the sale of property.

Next, Elstead argues the court should have issued a discretionary stay of enforcement under section 918.5, based upon the fact that he has appealed the adverse judgment entered against him on his cross-claims.  That statute authorizes the trial court "in its discretion" to issue a stay "if the judgment debtor has another action pending on a disputed claim against the judgment creditor" (§ 918.5, subd. (a)) and specifies mandatory factors the court must ("shall") consider when exercising its discretion (*id.*, subd. (b)).  The factors include "all of the following:  [¶] (1) The likelihood of the judgment debtor prevailing in the other action.  [¶] (2) The amount of the judgment of the judgment creditor as compared to the amount of the probable recovery of the judgment debtor in the action on the disputed claim.  [¶] (3) The financial ability of the judgment creditor to satisfy the judgment if a judgment is rendered against the judgment creditor in the action on the disputed claim." (§ 918.5, subd. (b).)  Here, the trial court in substance ruled that section 918.5 is inapplicable because there is no other pending action, and went no further.[3]  In other words, it ruled that the statutory precondition to issuing a discretionary stay under section 918.5 was not met.

---

[3] It stated:  "The Court rejects Elstead's argument this Court has discretion to stay enforcement of the . . . judgment . . . pursuant to Code of Civil Procedure § 918.5 based on Elstead's purposed two other actions pending against U.S. Bank.  One of those purported actions is the Fifth Amended Cross-Complaint that Elstead filed in this very same case against JPMorgan Chase Bank NA and Wachovia Bank NA (US Bank's predecessor in interest with respect to Elstead's deed of trust secured by the subject real property.)  Assuming arguendo that a cross-complaint in this same action

4

On appeal, Elstead's arguments are directed principally to the legal question whether "another action pending" encompasses cross-claims filed in the same case that are pending on appeal. But it is unnecessary to decide that question because even if we agreed, Elstead has not demonstrated prejudice. As one of the cases Elstead cites in his brief makes clear, " 'The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown *and* unless *there has been a miscarriage of justice* a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.' " (*Denham v. Superior Court, supra,* 2 Cal.3d at p. 566.)

Here, Elstead has addressed none of the factors that govern discretionary stays under section 918.5 and none of the evidence (if any) that would support their application in this case. Other than vaguely adverting to the substance of his cross-claims, he has not addressed his likelihood of getting those claims reinstated on appeal, much less of ultimately prevailing on them in a subsequent final judgment. (See § 918.5, subd. (b)(1) [likelihood of judgment debtor prevailing in the other action].) He has not even attempted to quantify the amount by which a final judgment in his favor on his cross-claim(s) would operate as a set-off to the default that resulted in the judicial foreclosure judgment. (See § 918.5, subd. (b)(2) [amount of judgment

---

could be considered 'another action pending' . . . that cross-complaint is no longer pending because the Court entered judgment in favor of Wachovia Bank NA against Elstead on May 2, 2022. For that same reason, the Court finds that Elstead has not established a likelihood of prevailing on his claims against Wachovia Bank NA, and he has no probable recovery against Wachovia Bank NA. [¶] Elstead's second purported other action against U.S. Bank is a proposed Cross-Complaint that Elstead had sought leave to file against U.S. Bank in this case. The Court denied Elstead's motion for leave to file that Cross-Complaint on March 16, 2022. Therefore, no such action against U.S. Bank is pending."

5

in favor of judgment creditor as compared with amount of probable recovery of judgment debtor on disputed claim].)  And he has not addressed the Bank's ability to pay an adverse judgment on the cross-claims (see § 918.5, subd. (b)(3) [financial ability of judgment creditor to satisfy any judgment rendered against it on disputed claim]); on the contrary, the Bank states without contradiction that Elstead acknowledges it is solvent.  In short, he has not affirmatively demonstrated that he was prejudiced by the court's error, if any, in not addressing the merits of his request for a discretionary stay under section 918.5.

Finally, Elstead makes a constitutional claim.  Below at the hearing, he offered to post a bond in the amount of $5,000 to stay enforcement of the foreclosure judgment pursuant to section 917.4, which requires an undertaking in an amount determined by the trial court in order to stay enforcement of a judgment directing the sale of real property.[4]  The court rejected his offer and ruled that $5,000 would not be sufficient to protect the Bank pending appeal against damage from waste to the property and for the

---

[4] It states:  "The perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order appealed from directs the sale, conveyance or delivery of possession of real property which is in the possession or control of the appellant or the party ordered to sell, convey or deliver possession of the property, unless an undertaking in a sum fixed by the trial court is given that the appellant or party ordered to sell, convey or deliver possession of the property will not commit or suffer to be committed any waste thereon and that if the judgment or order appealed from is affirmed, or the appeal is withdrawn or dismissed, the appellant shall pay the damage suffered by the waste and the value of the use and occupancy of the property, or the part of it as to which the judgment or order is affirmed, from the time of the taking of the appeal until the delivery of the possession of the property.  If the judgment or order directs the sale of mortgaged real property and the payment of any deficiency, the undertaking shall also provide for the payment of any deficiency."  (§ 917.4.)

6

loss of its use and occupancy of the property. On appeal, Elstead now argues that section 917.4 is unconstitutional. He asserts it violates due process because it lacks procedural safeguards including a hearing on the necessity for and amount of a bond, and the merits of a judgment debtor's appeal.

This claim is forfeited. We have reviewed the papers Elstead filed in the trial court and the arguments he made at the hearing. He did not assert a constitutional challenge to section 917.4 in the trial court, nor request any of the procedural protections that he now says were constitutionally required. " '[I]ssues not raised in the trial court cannot be raised for the first time on appeal.' " (*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603), including constitutional ones. (See *Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 264 [" ' " ' "No procedural principle is more familiar . . . than that a constitutional right" . . . "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." . . .' " ' "]; see also, e.g., *Ramirez v. Superior Court* (2023) 88 Cal.App.5th 1313, 1335-1336 [constitutional challenge to administrative hearing procedure raised for first time on appeal held forfeited].) We decline to exercise our discretion to consider the constitutionality of a statute that is part of a comprehensive legislative scheme governing appellate stays that dates back nearly two centuries (see *Daly v. San Bernardino County Bd. of Supervisors* (2021) 11 Cal.5th 1030, 1038-1039) and the validity of which, to our knowledge, not one appellate court has ever questioned.

Further, even if the issue were not forfeited we would reject it without reaching the merits because, here again, Elstead has not demonstrated any prejudice from the asserted constitutional error. That is, even if the trial court was constitutionally required to consider the merits of Elstead's appeal before deciding whether to permit execution of the foreclosure judgment, we

7

could not reverse the order unless the court's error resulted in a miscarriage of justice (Cal. Const., art. VI, § 13), which means that "a different result would have been probable had the error not occurred." (*Major v. R.J. Reynolds Tobacco Co.* (2017) 14 Cal.App.5th 1179, 1202.) "[T]he appellant bears the duty of spelling out in his brief exactly how the error caused a miscarriage of justice" (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 (*Paterno*)), and that entails doing more than just asserting the error was harmful. (*DiRaffael v. California Army National Guard* (2019) 35 Cal.App.5th 692, 718 ["conclusory assertions of prejudice are insufficient"].) The appellant must *demonstrate* prejudice—by means of a cogent legal and factual argument showing how he would have fared better in the absence of the asserted error. When the appellant does not do this, we will not reverse a ruling even if it is wrong. (See, e.g., *Paterno*, at p. 106 [prejudice argument that failed to articulate the legal elements of erroneously dismissed count and explain how the evidence supported that theory held "undeveloped" and insufficient to support reversal]; *DiRaffael*, at p. 718 [failure to explain how various procedural errors affected outcome held insufficient to demonstrate prejudice].)

Elstead has not done this. His discussion of the merits of his appeal from the foreclosure judgment is conclusory and "undeveloped" (*Paterno*, *supra*, 74 Cal.App.4th at p. 106). He merely identifies various issues he intends to raise but offers no cogent legal analysis of any of them. He does not even summarize (much less analyze) any of the *evidence* before the court when it ruled against him on summary judgment. He thus has not demonstrated that his showing in the trial court would have been sufficient for the trial court to conclude that his appeal from the judgment has even minimal merit. And for that reason, he has not demonstrated he was

8

prejudiced by any constitutional infirmity in the manner by which the trial court evaluated his request for a stay of that judgment.

We have considered Elstead's remaining contentions and find them devoid of merit.

## DISPOSITION

The order is affirmed. Respondents shall recover their costs.

_____

STEWART, P.J.

We concur.

_____

RICHMAN, J.

_____

MILLER, J.

*U.S. Bank v. Elstead* (A166583)

10